UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| BARBARA JAMILIK, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | Case No. 3:06-CV-0566 (PCD) |
| | : | |
| YALE UNIVERSITY, TOM JASON, | : | |
| PATRICK MCKENNA, MARY | : | |
| VARGA, and KARA TAVELLA, | : | |
|     Defendants. | : | |

## RULING ON PLAINTIFF'S SECOND MOTION
## TO AMEND AND SUPPLEMENT COMPLAINT

Plaintiff filed the Original Complaint in this action on April 12, 2006. Defendants moved to dismiss the Eighth Count of Plaintiff's Complaint [Doc. No. 23], and Plaintiff moved to amend her complaint. [Doc. No. 32.] On January 25, 2007, the Court granted Defendant's motion and granted in part Plaintiff's motion to amend in part. [Doc. No. 40] On February 2, 2007, pursuant to the Court's January ruling, Plaintiff filed an Amended Complaint. [Doc. No. 42.] Now pending is Plaintiff's Second Motion to Amend and Supplement her Complaint [Doc. No. 43] brought pursuant to Fed. R. Civ. P. 15(a) and (d) and 21. Defendant objects to the portion of Plaintiff's proposed second amended complaint which seeks to add allegations of emotional distress to her claims under Title VII, 42 U.S.C. § 2000e-2(a), the Connecticut Fair Employment Practices Act, CONN. GEN. STAT. § 46a-60(a)(5), and the Fair Labor Standards Act, 29 U.S.C. § 215(a)(3) (Fourth, Sixth, and Seventh Counts). Because the Court is able to resolve this motion on the papers filed by the parties, the parties' requests for oral argument is denied. For the reasons stated herein, Plaintiff's motion is **granted.**

Rule 15(a) allows a party to amend pleading once as a matter of course at any time before a responsive pleading is served. "Otherwise a party may amend the party's pleading only by

leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." FED. R. CIV. P. 15(a). The district court has discretion as to whether leave to amend should be granted, Foman v. Davis, 371 U.S. 178, 182 (1962), and leave is freely given in the absence of a stated or apparent reason to the contrary, such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." Id. See also Monahan v. New York City Dep't of Corr., 214 F.3d 275, 283 (2d Cir. 2000). "Mere delays, . . . absent a showing of bad faith and undue prejudice, do not provide a basis for a district court to deny the right to amend." State Teachers Retirement Bd. v. Fluor Corp., 654 F.2d 843, 856 (2d Cir. 1981). See also Cresswell v. Sullivan & Cromwell, 922 F.2d 60, 72 (2d Cir. 1990). A court may find that undue prejudice exists "when extensive additional discovery would be required, when further proceedings would be delayed significantly, or where an imminent danger exists that the moving party seeks to force a favorable settlement by abusive use of the discovery process." Naglieri v. Bay, 977 F. Supp. 131, 136 (D. Conn. 1997).

Plaintiff seeks to further amend her complaint by adding allegations similar in substance to the allegations which comprised the eighth count of the Original Complaint. In the eighth count of the Original Complaint, Plaintiff alleged that the actions of Defendants caused the Plaintiff to suffer severe emotional distress and resulted in her suffering sleeplessness, anxiety, and physical discomfort. Plaintiff maintains that these allegations were not included in all counts in the Original Complaint because "they were presumed to be a component of the compensatory damages sought in the original fourth, sixth, and seventh counts." (Pl.'s Mem. in Supp. of Mot.

to Amend at 5.) Regardless of whether a reasonable reading of the Original Complaint would invite such a presumption, Defendants have been on notice of these allegations since this action commenced. Plaintiff's proposed amendments attaches her alleged emotional distress to different counts, thereby supporting different causes of action than in the Original Complaint, but such a change in her theory of liability does not undermine Defendants' notice of such allegations. Accordingly, extensive additional discovery does not appear to be required. Soon after the Court dismissed the eighth count of the Original Complaint, Plaintiff moved to supplement her remaining claims with these allegations, and granting her request will not unduly delay these proceedings. Furthermore, the Court does not conclude that Defendants would be unduly prejudiced by Plaintiff's proposed amendments. For these reasons, Plaintiff's Second Motion to Amend her Complaint [Doc. No. 43] is **granted.**

SO ORDERED.

Dated at New Haven, Connecticut, this   21   day of March, 2007.

/s/
Peter C. Dorsey, U.S. District Judge
United States District Court